IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. CR-03-174-E-BLW |
| | ) | CV-04-382-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| LUCIO LOPEZ-PENA, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (Docket No. 20). Also before the Court is Defendant's letter requesting clarification of the computation of his time served (Docket No. 23).

Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs, and record without oral argument. D. Id. L. R. 7.1(b). Accordingly, the Court enters the following Order.

**Memorandum Decision and Order - 1**

# REVIEW OF 28 U.S.C. § 2255 MOTION

## A. Background and Summary of Claims

Defendant pled guilty pursuant to a Plea Agreement (Docket No. 13) to illegal reentry in violation of 8 U.S.C. § 1326. The Plea Agreement provided that Defendant would receive a 2-level downward departure for stipulation to deportation. The Court imposed a sentence of 57 months of imprisonment with the recommendation to the Bureau of Prisons that Defendant receive credit for time served since his arrest on May 26, 2003. *Judgment* (Docket No. 19). Defendant did not appeal his sentence or conviction.

Defendant timely filed his § 2255 Motion alleging that (1) the United States Attorney can offer up to a two-level reduction in sentence if a defendant accepts a final deportation order, and (2) he should receive a departure based on his alien status which precludes housing in a minimum security facility or community correction center. In support of his allegations, Defendant argues that his inability to participate in those programs available to non-alien inmates results in disparate treatment.

In its Response (Docket No. 22), the Government states that (1) Defendant did in fact receive a two-level downward departure upon motion of the Government in return to Defendant's stipulation to deportation, (2) Defendant did

not request a further departure based on deportation status, (3) and the Court is presumed to have known it had the authority to depart on those grounds but declined to do so.

### B.     Standard of Law

28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 petition at other stages of the proceeding

**Memorandum Decision and Order - 3**

such as pursuant to a motion by respondent, after consideration of the answer and petition, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

### C.   Discussion

The record reflects that the Court did, in fact, grant the Government's motion for a two-level downward departure based on stipulation to deportation. It further reflects that Defendant did not request a further departure based on his deportation status. However, even if he had requested such a departure, the Court would not have had the discretion to grant it. Deportable status may not be a ground for downward departure for aliens convicted of § 1326 offenses. *See United States v. Martinez-Ramos*, 184 F.3d 1055, 1058 (9th Cir. 1999) (holding guidelines took into account that anyone convicted of a § 1326 violation would necessarily be a deportable alien subject to the same sentencing constraints as all other defendants found guilty of violating that statute). *See also United States v. Cardosa-Rodriquez*, 241 F.3d 613, 614 (8th Cir. 2001) (citing *Martinez-Ramos* and concluding that Sentencing Commission clearly considered deportable alien status when formulating the guidelines because such status is inherent element of

**Memorandum Decision and Order - 4**

§ 1326).

Regarding the computation of Defendant's time served, the Court did indeed recommend that Defendant receive credit for time served. However, once a sentence has been imposed by a court, the Bureau of Prisons is responsible for determining credit for time served pursuant to 18 U.S.C. § 3585(b).[1]  *United States v. Wilson,* 503 U.S. 329, 333-36 (1992).  *See also United States v. Drake,* 49 F.3d 1438 (9th Cir. 1995). According to the documentation received by Defendant from the Bureau of Prisons, he cannot receive credit for time served while in administrative custody, presumably with the Bureau of Immigration and Customs Enforcement.

## CONCLUSION

It plainly appears from the motion and the record that Defendant is not entitled to relief pursuant to 28 U.S.C. § 2255. The Court suggests that Defendant consult with his case manager or records department staff at his facility for a

---

[1] Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time spent in official detention prior to the date the sentence commences–
>     (1) as a result of the offense for which the sentence was imposed;
>     or
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

**Memorandum Decision and Order - 5**

further explanation of the computation of time served.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (Docket No. 20) is DENIED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-04-382-E-BLW is DISMISSED with prejudice in its entirety.



DATED: **April 24, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court